IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LIEBHART and NANCY LIEBHART,

Plaintiffs,

v.

SPX CORPORATION, TRC ENVIRONMENTAL CORPORATION, and APOLLO DISMANTLING SERVICES, INC.,

Defendants.

OPINION and ORDER

16-cv-700-jdp

---

Plaintiffs William and Nancy Liebhart sued defendants SPX Corporation, Apollo Dismantling Services, Inc., and TRC Environmental Corporation under the Resource Conservation and Recovery Act, the Toxic Substances Control Act, and state law for alleged PCB contamination of their property. After this court granted summary judgment to defendants, the court of appeals vacated the judgment and remanded the case for reconsideration of "whether a substantial and imminent endangerment to health exists in this case under the standards [the court of appeals] outlined." *Liebhart v. SPX Corp.*, 917 F.3d 952, 966 (7th Cir. 2019).

The question before the court now is what steps need to be taken to comply with the mandate and bring this case to a resolution. Both sides have filed multiple briefs on the issue. *See* Dkts. 236, 240, 244, 246–47, and 251.

The court concludes that the appropriate course of action is to allow the parties to reargue their summary judgment positions in supplemental briefs, applying the guidance provided by the court of appeals to the current record. Plaintiffs seek leave to amend their complaint to add multiple new claims. They also ask for a schedule that allows for new

discovery, new expert reports, and new motions for summary judgment. But the court of appeals did not direct this court to start over, reopen discovery, or otherwise expand the scope of the case. Rather, the court of appeals concluded that this court applied the wrong legal standard to plaintiffs' federal claims. *Liebhart*, 917 F.3d at 954 ("[T]he court set the bar unnecessarily high for the plaintiffs to show a violation of the applicable federal statutes."). So the proper remedy is to allow plaintiffs to reargue their case under the standard articulated by the court of appeals, not to hit the reset button.

The court of appeals affirmed this court's decision to deny plaintiffs' motion for leave to amend their complaint on the ground that doing so would be unduly prejudicial to defendants, *id.* at 964–66, which supports this court's conclusion not to expand the scope of the case now. Plaintiffs point to the court of appeals' statement that "the district court may permit an amendment on remand if the interests of justice so require," *id.* at 966, but plaintiffs haven't pointed to any new facts that would require a different conclusion. If anything, plaintiffs' proposed amendments would be *more* prejudicial now. Plaintiffs are essentially asking for an opportunity to relitigate their entire case. But the case is already nearly three years old; the parties have engaged in extensive discovery, prepared multiple expert reports on both sides, and generated 250 docket entrees. Starting over now would create significant delay and additional expense on both sides.

Throughout their briefs, plaintiffs state repeatedly that justice requires the court to grant all of their requests. But missing from their briefs is any justification for failing to raise their new claims earlier. The court of appeals clarified the legal standard for plaintiffs' existing claims, but it didn't create any new causes of action. Under the Federal Rules of Civil Procedure, parties are entitled to one full and fair opportunity to litigate their claims. They are

2

not entitled to reinvent their case three years after filing their lawsuit because they conclude that their original claims are insufficient.

Plaintiffs accuse defendants of concealing evidence related to the alleged burial of PCBs, which is one of the new claims they wish to assert. But both this court and the court of appeals concluded that, by their own admission, plaintiffs waited four months to move for leave to amend after learning about the burial. Dkt. 204, at 15; *Liebhart*, 917 F.3d at 966. So plaintiffs cannot prevail on an argument that defendants' alleged conduct entitles them to assert new claims now.

The court will deny plaintiffs' motion for leave to amend their complaint. Instead, the court will set a schedule for filing supplemental briefs to allow the parties to apply the guidance provided by the court of appeals.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for leave to amend their complaint, Dkt. 239, is DENIED.

2. The parties' motions to set a schedule, Dkt. 236 and Dkt. 243, are GRANTED in part and DENIED in part as described above. The parties may have until June 3, 2019, to file opening briefs addressing the question whether defendants are entitled to summary judgment under the standard articulated by the court of appeals. The parties may have until June 27, 2019, to file response briefs.

3. If necessary, the court will set the remainder of the schedule after resolving the issues raised in the parties' supplemental briefs.

Entered May 20, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge