IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LIEBHART and NANCY LIEBHART,

                Plaintiffs,

v.

SPX CORPORATION, TRC ENVIRONMENTAL
CORPORATION, and APOLLO DISMANTLING
SERVICES, INC.,

                Defendants.

ORDER

16-cv-700-jdp

---

This case is on appeal after the court granted defendants' motion for summary judgment on plaintiffs' federal claims. The court dismissed plaintiffs' state law claims under 28 U.S.C. § 1367(c)(3) because plaintiffs relied solely on supplemental jurisdiction under § 1367 as a basis for exercising jurisdiction over the state law claims.

After the court dismissed this case, plaintiffs filed a new lawsuit in state court, suing the same defendants and raising many of the same state-law claims that they had raised in this court. Defendants removed that case to this court, citing evidence that the court may exercise diversity jurisdiction under 28 U.S.C. § 1332. *See Liebhart v. SPX Corp*, No. 20-cv-316-jdp (W.D. Wis.), Dkts. 1–4. That evidence suggested that the court should have retained jurisdiction over the state-law claims in this case, so the court directed the parties to show cause why the court should not ask the court of appeals to remand this case so that the state law claims may be resolved. *Id.*, Dkt. 14.

In their responses, the parties agree that the court could have retained jurisdiction over the state-law claims in this case, but they disagree about what the court should do now. Defendants ask for the case to be remanded. *Id.*, Dkt. 16. Plaintiffs object on the ground that

there are additional state-law claims in the new case. *Id.*, Dkt. 18. But that isn't persuasive, for two reasons. First, the question before the court isn't whether there are differences between the state-law claims raised in both cases. The question is whether the court has jurisdiction to resolve the state-court claims in *this* case. The parties agree that it does. Second, even if there are some differences between the two cases, it is undisputed that there is significant overlap. It makes sense to resolve whatever issues the court can in this case to narrow any remaining issues in the new case, No. 20-cv-316-jdp.

So this court will ask the court of appeals to remand this case for resolution of plaintiffs' state-law claims.

ORDER

IT IS ORDERED that the clerk of court is directed to forward this order to the Court of Appeals for the Seventh Circuit so that the case may be remanded pursuant to Federal Rule of Appellate Procedure 12.1 and Circuit Rule 57.

Entered April 22, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge