IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LIEBHART and NANCY LIEBHART,

Plaintiffs,

v.

SPX CORPORATION, TRC ENVIRONMENTAL
CORPORATION, and APOLLO DISMANTLING
SERVICES, INC.,

Defendants.

OPINION and ORDER

16-cv-700-jdp

---

Plaintiffs William and Nancy Liebhart appeal the clerk of court's taxation of defendants' costs, totaling $46,340.02. Plaintiffs contend both that any award of costs is inequitable, and that many of defendants' costs aren't taxable. For the most part, the court will overrule plaintiffs' objections but it will deduct a small amount of costs that defendants failed to justify.

BACKGROUND

The clerk originally awarded costs to defendants in 2018, after this court granted defendants' first motion for summary judgment. Dkts. 230–32. Specifically, the clerk awarded $19,189.63 (reduced from $23,047) to SPX, $14,425.94 (reduced from $20,319.31) to TRC, and $12,724.45 (reduced from $13,582.35) to Apollo, for a total of $46,340.02. Plaintiffs didn't ask the district court to review that decision, but the court of appeals vacated the award of costs when it remanded the case for further proceedings. *Liebhart v. SPX Corp.*, 917 F.3d 952, 966 n.3 (7th Cir. 2019). After this court granted summary judgment to defendants again, Dkt. 263, defendants again moved for costs. They sought no costs incurred since the appeal

and remand but instead asked for the same amount that the clerk originally awarded. Relying

on his earlier decision, the clerk again taxed costs totaling $46,340.02 Dkts. 286–88.


ANALYSIS

A.  **Defendants' objections to plaintiffs' motion**

Defendants contend that plaintiffs' request for review of the clerk's decision is

procedurally flawed for two reasons: (1) plaintiffs waived any request for court review when

they didn't seek district court review of the clerk's 2018 decision; and (2) plaintiffs missed the

14-day deadline for filing an objection set by Federal Rule of Civil Procedure 54(d)(1). Neither

objection is persuasive.

In support of their waiver objection, defendants rely on Rule 54(d)(1), which gives a

losing party seven days to seek district court review of the clerk's taxation of costs. Because

plaintiffs didn't seek review of the clerk's original decision in 2018, defendants say that

plaintiffs can't seek review now. But the only authority that defendants cite is *Lauth v. Covance,*

*Inc.*, 863 F.3d 708, 718 (7th Cir. 2017), which states that "a party who fails to challenge the

imposition of costs within Rule 54's time limit has waived any objection to those costs." *Lauth*

isn't instructive because it didn't involve a case that was remanded after the judgment was

vacated. When a judgment is vacated, it is "eras[ed], . . . so that its legal effect is as if it had

never been written." *Medici v. City of Chicago*, 856 F.3d 530, 533 (7th Cir. 2017). So plaintiffs

were free to raise new objections to defendants' bill of costs after the case was remanded.

As for their timeliness objection, defendants say that plaintiffs missed their 14-day

deadline to file an objection after defendants filed their bill of costs in February 2020. But that

deadline applied to objections with the clerk, not the court, and the clerk didn't overrule

2

plaintiffs' objections on that ground. In any event, plaintiffs' objections were only four days late, and defendants don't identify any prejudice, so the court will consider plaintiffs' objections on their merits.

## B. Plaintiffs' objections to defendants' costs

"Unless a federal statute, the[] [federal] rules, or a court order provides otherwise, cost—other than attorney's fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). The Court of Appeals for the Seventh Circuit interprets that standard to mean that there is a "strong presumption" in favor of awarding costs to the prevailing party. *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014). The district court retains discretion to grant or deny costs, but that discretion is "narrowly confined," and the burden is on the losing party to show that there are good reasons for denying costs. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).

### 1. General objection to awarding costs

Plaintiffs first raise a general objection to defendants' costs, contending that it would be inequitable to award them in this case. In their briefs objecting to defendants' costs, plaintiffs devote many pages to arguing about the merits of their claims. Their reply brief focuses on that issue entirely. *See* Dkt. 292. But that's an issue for the court of appeals; it has no bearing at this point on whether this court should award costs to defendants. Plaintiffs also contend that awarding costs in this case would have a "chilling" effect on other potential litigants who wish to bring claims under Resource Conservation and Recovery Act and the Toxic Substances Control Act. But the court of appeals has expressly rejected the contention that a court should deny costs because of an alleged "chilling" effect on other parties. *See McGill v. Faulkner,* 18 F.3d 456, 460 (7th Cir. 1994).

The court of appeals has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). In this case, plaintiffs identify no litigation misconduct of defendants. Plaintiffs do contend that they are indigent. But the indigency exception "is a narrow one," and requires the losing parties to show not only that they are unable to pay costs now but also that they will be unable to do so in the future. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). The limited nature of the exception is demonstrated in several cases:

- In *Richardson v. Chicago Transit Auth.*, 926 F.3d 881, 893 (7th Cir. 2019), the court upheld a decision to award costs to the prevailing defendant even though the district court failed to address the plaintiff's evidence about his inability to pay. The court of appeals reasoned that indigence "is not a blanket excuse for paying costs" and that a district court isn't required to explain a decision to award costs despite a claim of indigency. *Id.*

- In *Arce v. Chicago Transit Auth.*, 738 F. App'x 355, 360–61 (7th Cir. 2018), the court upheld an award of costs even though the losing party's "liabilities exceed[ed] his assets."

- In *Sklyarsky v. ABM Janitorial Servs.-N. Cent., Inc.*, 494 F. App'x 619, 623–24 (7th Cir. 2012), the court rejected an indigency claim because the plaintiff had a monthly income of more than $2,600.

- In *Rivera,* the court of appeals reversed the decision of the district court denying costs against "a single mother of four children" who made $1,800 a month and had no assets. The court of appeals reasoned that the losing party had failed to adduce evidence of her monthly expenses or of her inability to pay costs in the future.

- In *McGill*, 18 F.3d at 460, the court rejected an indigency claim of a pro se prisoner who was proceeding *in forma pauperis*. The court stated that the losing plaintiff "should not be shielded from the costs he forced the defendants to incur with his suit even if he was and is presently indigent. Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook, so must prisoners like

4

>McGill learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." *Id.*

Plaintiffs cite no cases from the Seventh Circuit in which a court denied costs on the ground of indigency. But even if there are some situations in which it would be inequitable to award costs, plaintiffs haven't shown that their case is one of them. Plaintiffs cite a conclusory declaration from Nancy Liebhart and a two-page, self-prepared document that they call "Statement of Assets, Liability, Income, and Expenses." Dkt. 271-1. They provide no underlying financial records to support the statement. But even if the court takes the statement at face value, it shows that plaintiffs have an income of more than $6,000 a month and own more than 10 properties across the country. Plaintiffs say that they have a "negative net worth," Dkt. 281, at 4, but under *Arce*, 738 F. App'x at 360–61, that's not enough to avoid paying costs. So plaintiffs' general objection to defendants' costs is overruled.

## 2.  Objections to particular costs

Plaintiffs also object on several grounds to the amount of costs sought by defendants. First, plaintiffs say that SPX performed "the vast majority of work in the case," so the court should reduce the costs awarded to the other two defendants. Dkt. 271, at 8. But plaintiffs' observation doesn't address whether any particular claimed cost is unreasonable, so the court declines to reduce defendants' costs on this ground.

Second, plaintiffs contend that defendants agreed to pay for all costs associated with the depositions of John Woodyard, David Carpenter, and Jonathan Libber. But the emails plaintiffs cite don't suggest that defendants were waiving their right to seek costs under Rule 54. Dkt. 215. Obviously, one side or the other had to front the costs for the depositions, and that's what defendants agreed to do. The clerk didn't err in awarding those costs.

Third, plaintiffs object to costs for "expedited" transcripts. But the clerk already significantly reduced defendants' costs on this ground, and plaintiffs haven't explained why the clerk's deductions were insufficient.

Fourth, plaintiffs contend that "[d]efendants are not entitled to costs for both [a] transcript and an electronic copy of the same" because "[t]wo copies of the same transcript in different forms are not "'necessarily obtained for use in the case,'" as required under 28 U.S.C. § 1920(2). Defendants don't explain why both copies were necessary, so the court will deduct those costs, which include $206.40 from SPX, $175 from TRC, and $175 from Apollo. *See Montanez v. Simon*, 755 F.3d 547, 557–58 (7th Cir. 2014) (copies made for convenience not recoverable).

Fifth, plaintiffs object to costs for shipping and handling deposition transcripts, citing *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975), which states that postage is "ordinarily" not a recoverable cost under § 1920. For their part, defendants cite *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), which allowed costs that were "incidental" to the taking of depositions, including "delivery charges by the court reporter." Since *Wahl*, the court of appeals has approved costs for postage under § 1920 in at least two cases, without acknowledging *Wahl*. *See Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008); *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993). But regardless whether postage is covered under § 1920 as a general matter, the court concludes that *Finchum* is more on point on than *Wahl*. In *Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 774 (W.D. Wis. 2015), this court read *Finchum* as allowing costs for shipping and handling, so long those costs were incidental to taking a deposition. In this case, there is no dispute that the shipping and handling charges at issue were incidental to taking the depositions, so the court won't deduct those costs.

6

Sixth, plaintiffs contend that the costs for copying three depositions aren't taxable because defendants haven't shown that the copies were made "for use in the case," as required by § 1920(4). But defendants say that those copying costs weren't included in the bill of costs. Dkt. 276, at 11–12. Plaintiffs don't dispute defendants' representation in their reply brief, so the court will assume that plaintiffs have abandoned this issue.

Seventh, and finally, plaintiffs contend that defendants are "not entitled to costs for uploading documents and hosting documents, or for unexplained 'tech work'" . . . [b]ecause these costs are not necessary or reasonable." Dkt. 271, at 16. In their reply brief, plaintiffs narrowed their objection to TRC's costs, Dkt. 281, at 10, so the court will focus on those. And TRC doesn't respond to plaintiffs' objections on this issue, so the court will deduct those costs, which total $2,012.38.

## C.  Request for stay

Plaintiffs ask the court to stay the imposition of costs pending appeal without requiring them to post a bond. The clerk declined this request, reasoning that "[j]udicial efficiency favors immediate resolution." Dkt. 231, at 3.

Under Federal Rule of Civil Procedure 62(b), a party may obtain a stay pending appeal by posting a bond. The only exceptions to the bond requirement in the rule are for the federal government and liens on property. *See* Fed. R. Civ, P. 62(e) and (f). But the court of appeals has interpreted Rule 62 as giving courts discretion to waive the bond requirement after considering five factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the losing party's ability to pay the judgment is so plain that the cost of a bond would be a waste of

money; and (5) whether the losing party is in such a precarious financial situation that the requirement to post a bond would place other creditors of the losing party in an insecure position. *Dillon v. City of Chi.*, 866 F.2d 902, 904–05 (7th Cir. 1998). Plaintiffs don't address any of these factors in their briefs, so the court declines to overturn the clerk's decision not to stay the imposition of costs.

ORDER

IT IS ORDERED that the clerk of court's taxation of costs is AFFIRMED in most respects. But defendant SPX Corporation's costs are reduced from $19,189.63 to $18,983.23. Defendant Apollo Dismantling Services, Inc.'s costs are reduced from $12,724.45 to $12,549.45. Defendant TRC Environmental Corporation's costs are reduced from $14,425.94 to $12,238.56. The request of plaintiffs William Liebhart and Nancy Liebhart to stay the imposition of costs without a bond is DENIED.

Entered November 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

8